Martin F. Casey
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
mfc@caseybarnett.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TOKIO MARINE EUROPE S.A. and PRIMETALS
TECHNOLOGIES AUSTRIA GMBH

       Plaintiff,                               23 Civ.

    - against –

                                               **COMPLAINT**

AIRPORT CLEARANCE SERVICE, INC. d/b/a
ACS LINES

       Defendant.
-------------------------------------------------------------X

     Plaintiff, Tokio Marine Europe S.A. a/s/o Primetals Technologies Austria GmbH by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

## JURISDICTION

    1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the provisions contained in the ACS bill of lading, which provides for jurisdiction in this District for cargo shipments that transit through the United States.

## PARTIES

    2.     At all material times, Tokio Marine Europe S.A. (hereinafter "Tokio Marine" or "Plaintiff") was and is a corporation with a place of business located at Berliner Allee 26,

Dusseldorf, 40212, Germany, and is the subrogated underwriter of the consignment of 299 Packages of Equipment which is the subject matter of this litigation, as more specifically described below.

3. At all material times, Primetals Technologies Austria GmbH, (hereinafter "Primetals" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign country with an office and place of business located at Turmstrasse 44, Linz 4031, Austria and was the owner and shipper of a consignment of 299 Packages of Equipment, as more specifically described below.

4. At all material times, defendant, Airport Clearance Service, Inc. d/b/a ACS Lines. (hereinafter "ACS" or "Defendant") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 2 Northpoint Drive, Ste 200, Houston, Texas 77060, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire.

5. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

**RELEVANT FACTS**

6. In or about December 2021 cargo shipper Primetals contracted with defendant ACS Lines to transport a consignment consisting of 299 Packages Equipment from China to USA and to deliver same to its customer, Primetals Technologies USA LLC.

7. On or about December 31, 2021, a consignment consisting of 299 Packages of Equipment, then being in good order and condition, was delivered to ACS, and/or their agents in Tianjin, China. The cargo was booked for transit on board the M/V PRETTY JACK in Tianjin

destined for Baltimore, Maryland, all in consideration of an agreed upon freight, pursuant to ACS Lines bills of lading nos: 430134404, 430134412, 430134410, 43014406, 430134402, 430134414, and 430134408, all dated December 31, 2021.

8. Thereafter the aforementioned cargo was loaded on board the M/V PRETTY JACK on or about December 31, 2021, the aforementioned bills of lading were issued, and the vessel sailed for her intended destination.

9. On or about February 24, 2022 the vessel arrived at the port of Baltimore, Maryland and the aforementioned cargo was discharged beginning on February 25, 2022. Due to the condition of certain of the cargo, the vessel shifted to anchorage and the balance of the cargo was discharged onto barges while the vessel was at anchorage during the period March 2, 2022 to March 8, 2022.

10. Upon information and belief, the cargo had shifted in stow during transit and had sustained physical damage.

11. As a result of the foregoing, the consignment was not in the same good order and condition as when first received by defendants, but instead had suffered physical damage while in said defendants' care, custody and control.

12. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, and breach of contract of carriage, on the part of the defendants and/or their agents.

13. The Invoice value of the cargo is $5,183,451.00. The cargo at present is undergoing potential repair and mitigation. However, a claim has been lodged in the amount of the stated invoice.

14. As a result of the foregoing, plaintiffs assert a claim against ACS Lines in the amount of $5,183,451.00.

15. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $5,183,451.00.

## AS AND FOR A FIRST CAUSE OF ACTION

16. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 15, inclusive, as if herein set forth at length.

17. Pursuant to the contract of carriage entered into by and between the parties, the Defendant owed contractual and statutory duties to the aforementioned cargo owner to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

18. The Defendant breached its contractual and statutory duties by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

19. As a direct and proximate result of said breach of contract by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $5,183,451.00.

20. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $5,183,451.00.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2.  That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $5,183,451.00 plus interest and costs; and

3.  That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
February 17, 2023
377-44

                                        **CASEY & BARNETT, LLC**
                                        Attorneys for Plaintiff

By:  *Martin Casey*
      Martin F. Casey
      305 Broadway, Ste 1202
      New York, New York 10007
      (212) 286-0225